### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| GALINA LOGUNOVA | CASE NO.: 1:23-cv-775 |
| | JUDGE: |
| Plaintiff, | |
| v. | |
| RAPID TITLE, INC. | Jury Demand Endorsed Hereon |
| MARGARITA MOSKIN, INDIVIDUALLY | |
| Defendants. | |

### COMPLAINT

NOW COMES Plaintiff Galina Logunova ("Plaintiff") and proffers this Complaint for damages against Defendants Rapid Title, Inc., and Magarita Moskin, individually, (collectively, "Defendants").

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), and Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's Ohio law claims pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed her job duties predominately there and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Galina Logunova is an individual and a resident of the State of Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined in the FLSA, O.R.C. Chapter 4111, and OPPA.

7. Defendant Rapid Title, Inc., ("Defendant RTI") is an Ohio corporation doing business in the Southern District of Ohio.

8. Defendant Margarita Moskin ("Defendant Moskin"), upon information and belief, is a resident of the State of Ohio.

9. Defendant Moskin has an ownership interest over Defendant RTI.

10. At all relevant times, Defendant Moskin exercised significant operational control over issues such as firing, hiring, rates of pay, and hours worked by employees of Defendant RTI.

11. At all times relevant herein, Defendants were a covered "employer" as that term is defined in the FLSA, O.R.C. Chapter 4111, and OPPA.

12. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendants, at all relevant times relevant hereto, were fully aware of the fact that they were legally required to comply with wage and hour laws of the United States and the State of Ohio.

14. During relevant times, Defendants had knowledge of and acted willfully in regards in their conduct described herein.

## FACTUAL BACKGROUND

15. Plaintiff began working for Defendants in October 2021.

16. Plaintiff performed work for Defendants in the fall of 2021 that included, but not limited to, determining business names; gathering and creating a list of contacts for realtors, investors, and lenders; obtaining and training on software (e.g., Qualia, Simplifile); determining website ideas and creating content for it; researching logo ideas; obtaining the necessary licenses and insurances; creating business cards; creating marketing materials and determining other forms of advertisement; researching other title companies; creating networking group list; and, looking for office space.

17. Defendants never paid Plaintiff for the preparatory work she performed in the fall of 2021.

18. Plaintiff began working approximately 45 hours per week for Defendants beginning in November 2021. Plaintiff worked those hours throughout her employment with Defendants. Plaintiff worked approximately eight-hour days in Defendants' office, plus went to different events outside Defendants' office on Defendants' behalf.

19. Defendants completely failed to pay Plaintiff for any work she performed during approximately the first thirteen weeks of Plaintiff's employment for Defendants.

20. In February 2022, Defendants began paying Plaintiff on monthly salary of $1,107.58, and continued to pay Plaintiff in that manner through April 2022. Defendants failed to provide Plaintiff any additional compensation during that time, including overtime premium pay.

21. In April 2022, Defendants began paying Plaintiff on a monthly salary of $1,669.60, and continued to pay Plaintiff in that manner through July 2022. Defendants failed to provide Plaintiff any additional compensation during that time, including overtime premium pay.

### FIRST CAUSE OF ACTION
### O.R.C. Chapter 4111. & FLSA - Failure to Pay
### Plaintiff Minimum Wage

22. All of the preceding paragraphs are realleged as if fully rewritten herein.

23. The FLSA and O.R.C. § 4111 et seq. require that employees receive minimum wage amounts for all hours worked.

24. Plaintiff was not paid the federal and Ohio minimum wage amounts for the hours she worked for Defendant from October 2021 through February 2022 because, among other reasons, Defendants completely failed to pay Plaintiff any wages from approximately October 2021 through February 2022.

25. Defendant knew or should have known they were required to pay Plaintiff federal and Ohio minimum wages.

26. Accordingly, Plaintiff was forced to work for Defendants from approximately October 2021 through February 2022 without receiving federal and Ohio minimum wages. As a result, Plaintiff has been damaged.

### SECOND CAUSE OF ACTION
### O.R.C. Chapter 4111 & FLSA – Failure to Pay
### Plaintiff Overtime Premium Pay

27. All of the preceding paragraphs are realleged as if fully rewritten herein.

28. The FLSA and O.R.C. § 4111 et seq. require that employees receive overtime compensation for hours worked in excess of forty (40) per week.

29. Plaintiff worked in a non-exempt position for Defendants during parts of Plaintiff's employment because, among other reasons, Defendants failed to pay Plaintiff on the requisite salary basis.

30. Plaintiff regularly worked in excess of 40 hours in workweeks.

31. Defendants jointly violated the FLSA and O.R.C. 4111 et seq. with respect to Plaintiff by, inter alia, failing to compensate her at time-and-one-half times her regular rate for all hours worked over forty (40) hours in a workweek.

32. Plaintiff was not exempt from receiving FLSA and O.R.C. § 4111 et seq. overtime benefits.

33. Defendants knew or should have known about the overtime payment requirements of the FLSA and O.R.C. § 4111 et seq. Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

34. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Plaintiff, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

35. As a direct and proximate result of Defendants' conduct, the Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### THIRD CAUSE OF ACTION
**Violations Of The OPPA Of Plaintiff**

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. During all times material to this Complaint, Defendants have been an employer required to comply with the mandates of the OPPA, O.R.C. § 4113.15.

38. Plaintiff was employed by Defendants within the meaning of the OPPA, and was not otherwise exempt.

39. The OPPA requires that Defendants pay Plaintiff all wages owed, on or before the first (1st) day of each month for wages earned by her during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by her during the preceding calendar month. See O.R.C. § 4113.15(A).

40. During all times material to this Complaint, because of Defendants' failure to compensate Plaintiff fully and properly for all work performed, Plaintiff was not paid all wages earned within thirty (30) days of performing the work. See O.R.C. § 4113.15(B).

41. The Plaintiff's earned unpaid overtime remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

42. In violating the OPPA, Defendants have acted willfully and with reckless disregard.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorney's fees, costs, expenses, and any other amounts available under the law incurred by Plaintiff for Defendants' violations.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
brad@gibsonemployentlaw.com
513.834 8254 [T]
513.834.8253 [F]
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)